**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOSE PAVO MARTINEZ, #28267-177**                     **PETITIONER**

**VERSUS**                     **CIVIL ACTION NO.  3:14-cv-742-DPJ-FKB**

**B. MOSLEY, Warden**                     **RESPONDENT**

<u>**ORDER OF DISMISSAL**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Jose Pavo Martinez is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  He filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  After reviewing the Petition [1] and Memorandum in Support [3], in conjunction with the relevant legal authority, the Court has come to the following conclusions.

**I.     Background**

In 2002, Martinez pled guilty to two counts of aiding and abetting the use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2, in the United States District Court for the Northern District of Texas.  *United States v. Martinez*, Crim. Action No. 3:01-cr-229 (N.D. Tex. Aug. 28, 2002).  Martinez was sentenced to serve a total of 32 years in prison and five years of supervised release.  *Id.*  On July 9, 2014, his motion to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255 was denied by the sentencing court.  *Martinez v. United States*, Civ. Action No. 3:14-cv-1359, 2014 WL 3361748 (N.D. Tex. July 9, 2014).

Martinez claims that he is entitled to habeas relief because he is "legally, factually, and actually innocent of aiding and abetting § 924 (c)."  Mem. in Supp. [3] at 9.  As support for his claims he relies on the United States Supreme Court's recent decision in *Rosemond v. United*

*States*,--- U.S. ---, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014), which held that to aid and abet a

§ 924(c) offense, a defendant must have advance knowledge that an accomplice will use or carry

a firearm.  Martinez asserts that he "did **NOT** have advance knowledge that his codefendants

would use or carry guns during the commission of the robbery of the Kenwood Outlet Store that

occurred on November 10, 2000."  *Id*. at 9 (emphasis in original).  He therefore asks the Court to

vacate the conviction and sentence related to this robbery and re-sentence him in a manner

consistent with *Rosemond*.  *Id*.

## II.    Analysis

A Court may "take judicial notice of prior habeas proceedings brought by [a petitioner] in

connection with the same conviction."  *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir.

2008) (citing *Moore v. Estelle, Jr.*, 526 F.2d 690, 694 (5th Cir. 1976)).  The Court specifically

takes judicial notice of Martinez's previous challenge to the same conviction and sentence under

28 U.S.C. § 2255, *Martinez v. United States*, Civ. Action No. 3:14-cv-1359, 2014 WL 3361748

(N.D. Tex. July 9, 2014) (finding § 2255 motion was untimely and dismissing action with

prejudice).  In that § 2255 motion, Martinez likewise claimed that he is actually innocent of the

same aiding and abetting conviction because he did not have advance knowledge that his co-

defendants would use or carry guns during the commission of the robbery.  *Id*.  The sentencing

court found that Martinez's claims of actual innocence under *Rosemond* did not render his

motion timely filed and equitable tolling was not warranted.  *Id*.  The Court stated,

> Lastly, despite the fact that he pled guilty, Petitioner asserts that he is actually
> innocent of aiding and abetting the second section 924 (c) offense. . . .  Here,
> Petitioner's assertion of actual innocence is controverted by his previous
> stipulation of the applicable facts at the time of his guilty plea.  The Factual
> Resume specifically provides that Petitioner "was fully aware that his co-

conspirators *planned on* and actually used, carried and brandished firearms during this robbery." [*Crim. Doc. 67 at 3* (emphasis added)].  Thus, unlike the defendant in *Rosemond*, Petitioner, by his own admission, had "advance knowledge" that his codefendants would use or carry guns during the commission of the Kenwood Outlet Store robbery.  Accordingly, Petitioner's actual innocence claim fails, and his section 2255 motion should be dismissed as time barred.

*Id.* at *3--4 (brackets in original).  Clearly, Martinez is presenting claims in this § 2241 petition that are identical to the claims he presented to the sentencing court in his § 2255 motion.

A writ of habeas corpus filed under § 2241 and a motion filed under § 2255 are "distinct mechanisms for seeking post-conviction relief."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Section 2255 provides the "primary means of collateral attack on a federal sentence."  *Id.* In order to proceed with sentence-validity challenges under § 2241, an inmate must show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  To meet the "inadequate or ineffective" test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion."  *Wesson*, 305 F.3d at 347 (citing *Reyes-Requena*, 243 F.3d at 904).  Martinez bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy, and a prior unsuccessful § 2255 motion or an inability to meet the procedural requirements of § 2255 does not meet this burden.  *Bell v. Holder,* 488 F. App'x 822, 823 (5th Cir. 2012) (finding inability to file § 2255 motion based on statute of limitations does not render § 2255 remedy inadequate or ineffective); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding prior unsuccessful § 2255 motion or inability to file a

second or successive § 2255 motion does not render remedy inadequate or ineffective).  The Fifth Circuit has made clear that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000) (holding relief is not available in a § 2241 petition under the savings clause based on grounds previously denied in a § 2255 motion).

The sentencing court's denial of Martinez's § 2255 motion addressed the claims he presents in this § 2241 petition.  This prior unsuccessful § 2255 motion does not entitle him to proceed with the same claims in a § 2241 petition.  Likewise, his misplaced reliance on *Rosemond v. United States* does not entitle him to proceed with his claims in a § 2241 petition. *Rosemond* requires advance knowledge that a firearm will be used or carried to aid and abet a section 924(c) offense.  *Rosemond*, 134 S. Ct. at 1243.  As the sentencing court found, Martinez, "by his own admission, had 'advance knowledge' that his codefendants would use or carry guns during the commission of the Kenwood Outlet Store robbery."  *Martinez v. United States*, Civ. Action No. 3:14-cv-1359, 2014 WL 3361748, at *4 (N.D. Tex. July 9, 2014).  Therefore, Martinez is not entitled to habeas relief under § 2241.

### III.  Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this Petition for habeas relief pursuant to § 2241 is dismissed as frivolous.  *See Ojo vs. INS,* 106 F.3d 680, 683 (5th Cir. 1997) (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous").  Further, to the extent the Petition can be construed

as a § 2255 motion, it is dismissed for lack of jurisdiction.  28 U.S.C. § 2255(a).   A Final

Judgment in accordance with this Order of Dismissal shall be issued.[1]

      **SO ORDERED AND ADJUDGED** this the 11th day of December, 2014.

                       s/ *Daniel P. Jordan III*
                       UNITED STATES DISTRICT JUDGE

---

[1]A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241.  *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).